# EX. 1



Search for Cases by: [Select Search Method...        ▼]

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print         GrantedPublicAccess  Logoff JUSTINASSOUAD

**21SL-CC03211 - JANE DOE V KIRKWOOD R-7 SCHOOL DISTRICT ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending   ○ Ascending

Display Options: [All Entries        ▼]

---

**09/14/2021** ☐ **Notice of Service**
Return of Service - Kirkwood.
  **Filed By:** GRANT CHRISTIAN BOYD
  **On Behalf Of:** JANE DOE

☐ **Agent Served**
Document ID - 21-SMCC-7825; Served To - KIRKWOOD R-7 SCHOOL DISTRICT; Server - ; Served Date - 10-SEP-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**08/31/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-7826, for JOHN, COLLIER.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-7825, for KIRKWOOD R-7 SCHOOL DISTRICT.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**08/25/2021** ☐ **Motion Granted/Sustained**
MOTION FOR PLAINTIFF TO PROCEED USING PSEUDONYM JANE DOE - GRANTED. SO ORDERED: JUDGE MARY ELIZABETH OTT

**07/19/2021** ☐ **Judge/Clerk - Note**
WHEN PROPOSED ORDER HAS BEEN SIGNED AND SUMMONS ARE NEEDED, PLEASE CALL SUMMONS CLERK, MOLLY, AT (314) 615-8470.

**07/16/2021** ☐ **Filing Info Sheet eFiling**
  **Filed By:** GRANT CHRISTIAN BOYD

☐ **Note to Clerk eFiling**
  **Filed By:** GRANT CHRISTIAN BOYD

☐ **Motion Special Process Server**
Request for Appointment of Special Process Server.
  **Filed By:** GRANT CHRISTIAN BOYD
  **On Behalf Of:** JANE DOE

☐ **Proposed Order Filed**
Proposed Order.
  **Filed By:** GRANT CHRISTIAN BOYD

☐ **Motion Filed**
Motion for Plaintiff to Proceed Using Pseudonym Jane Doe.

Privacy - Terms

Case: 4:21-cv-01130-AGF   Doc. #:   1-1  Filed: 09/16/21   Page: 3 of 35 PageID #: 6

**Filed By:** GRANT CHRISTIAN BOYD

☐ **Pet Filed in Circuit Ct**
Petition.
    **Filed By:** GRANT CHRISTIAN BOYD

☐ **Judge Assigned**
DIV 1

Privacy · Terms

**21SL-CC03211**

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| | ) | Case: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| JOHN COLLIER, ET  AL | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR PLAINTIFF TO PROCEED USING PSEUDONYM JANE DOE**

Comes Now Plaintiff, by and through counsel, and hereby moves this Honorable Court for permission to proceed using pseudonym of Jane Doe and in support thereof states:

1. This action relates to matters in which Plaintiff was the victim of numerous crimes committed against her, including sexual assaults and abuse.

2. As the victim of a crime, Plaintiff has a right to her personal information being protected pursuant to the Victims Rights Act and provisions of the Missouri Constitution.

3. No party will suffer prejudice by allowing her to proceed as Jane Doe as Defendants are well aware of Jane Doe's actual identity and, to the extent necessary, determine her identity through communications with Plaintiff's Counsel.

4. Plaintiff should be permitted to proceed under pseudonym Jane Doe throughout this litigation, including any and all filings.

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

Wherefore, Plaintiff prays this Honorable Court enter an order allowing her to proceed under pseudonym Jane Doe and for any further relief this Court deems just and proper.

**THE O'BRIEN LAW FIRM, PC**

BY: /S/ Grant C. Boyd
Grant C. Boyd #67362
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com

**21SL-CC03211**

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF SAINT LOUIS
STATE OF MISSOURI

JANE DOE,                                    )
                                             )
                                             )        Case:
        Plaintiff,                           )
                                             )
v.                                           )
                                             )        JURY TRIAL DEMANDED
JOHN COLLIER, ET AL                          )
                                             )
                                             )
        Defendants.                          )

## ORDER

Having reviewed Plaintiff's Motion to Proceed Under Pseudonym Jane Doe, the Court hereby grants Plaintiff's Motion. It is hereby ordered that Plaintiff shall proceed under the pseudonym Jane Doe throughout the litigation of this matter. All parties are hereby ordered to refer to Plaintiff as either Plaintiff or Jane Doe and shall not refer to Plaintiff by her real name, including in filings.

SO ORDERED:

_____
Honorable Judge of the Circuit Court
Division:

_____
Date

**21SL-CC03211**

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

IN THE CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS, MISSOURI

JANE DOE,

      Plaintiff,

v.

KIRKWOOD R-7 SCHOOL DISTRICT,

&

JOHN "JACK" COLLIER,

      Defendant.

Cause No.

Div.

**JURY TRIAL DEMANDED**

**PETITION FOR DAMAGES**

COMES NOW Plaintiff JANE DOE ("Plaintiff"), by and through her attorneys, and for her Petition for Damages against Defendant Kirkwood R-7 School District ("Kirkwood") and Defendant John "Jack" Collier ("Collier") states as follows:

1. This cause of action is related to the sexual abuse, sexual harassment, and/or sexual discrimination (referred to hereafter as "abuse") of Plaintiff in the 1980-1981 academic year while she was a minor child and student at Kirkwood. Plaintiff suffered abuse by Defendant Collier.

2. Plaintiff is a resident of the State of Missouri.

3. Upon information and belief, Defendant Collier was/is a resident of the State of Missouri.

4. Defendant Kirkwood is a public school district organized and existing under the laws of the State of Missouri and is located in St. Louis County.

1

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

5.  At all times herein, Kirkwood was/is the recipient of federal financial assistance and was engaged in educational programs and activities.

6.  By accepting and receiving federal financial assistance, Kirkwood must comply with Title IX of the Education Amendments of 1972 (20 USC 1681-1688) (hereinafter referred to as "Title IX").

7.  Title IX prohibits discrimination based on sex in an educational institution receiving federal financial assistance.

8.  Plaintiff was first injured in St. Louis County, Missouri.

9.  Venue and jurisdiction is proper in this Court.

10. At the time Plaintiff was being abused, Kirkwood employed Collier.

11. At all times herein, all Kirkwood employees, administrators (i.e., employees with administrative authority and/or board of education members with administrative authority), and/or board of education members, were acting within the course and scope of their employment and were state actors.

12. At all times relevant hereto, Kirkwood administrators were policy makers and/or administrators who had a duty to train, yet failed to train, administrators, employees, staff, students, and parents concerning sexual discrimination and harassment against students, concerning Title IX, and/or concerning employee-against-student sexual misconduct/harassment, and in identifying, investigating, reporting, and stopping sexual harassment of students like Plaintiff, including sexual harassment committed by employees like Collier.

13. Kirkwood failed to train administrators, employees, staff, students, and parents despite the plainly obvious need for training on, amongst other things, employee-

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

against-student sexual misconduct/harassment and in identifying, investigating, reporting, and stopping sexual harassment like that engaged in by Collier.

14. During the 1980-1981 academic year, Collier became infatuated with Plaintiff and took an inappropriate sexual, romantic, and/or intimate interest in Plaintiff.

15. Collier began a campaign of open and obvious sexual advances, sexual comments, stalking, and/or abuse, all of which was directed at Plaintiff.

16. Collier's conduct was witnessed in whole or in part by numerous Kirkwood employees, including administrators and/or board of education members with the authority to take corrective disciplinary action.

17. Despite being on actual notice of Collier's abuse of Plaintiff, Kirkwood administrators and/or board of education members did nothing to stop Collier's abuse of Plaintiff and were therefore deliberately indifferent.

18. Eventually, Collier's abuse of Plaintiff led to him raping, sodomizing, and/or abusing Plaintiff.

19. Prior to Collier's sodomy and/or rape of Plaintiff, Collier was caught stalking Plaintiff by Plaintiff's mother, including an incident in which Collier showed up to Plaintiff's residence uninvited at nighttime and began throwing small objects at Plaintiff's bedroom window in an effort to lure Plaintiff from the residence.

20. In response to catching Collier at her and Plaintiff's residence, Plaintiff's mother called Kirkwood administrators in the days thereafter to inform them of Collier's inappropriate and illegal conduct.

21. In response to Plaintiff's mother's complaint, Kirkwood administrators did not do anything to investigate, reprimand, deter, remedy and/or punish Collier's conduct.

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

22. Shortly thereafter, Plaintiff was sexually abused by Collier on one or more occasions.

23. Upon discovering the specifics of Collier's abuse of Plaintiff, Kirkwood employees and administrators began openly gossiping, joking, and spreading rumors about Plaintiff.

24. As a result of the conduct being widely spread around the Kirkwood schools by Kirkwood employees and administrators, Plaintiff elected to graduate from Kirkwood early.

25. During the college admissions process, Plaintiff went to Kirkwood administrative offices at the Kirkwood high school and was confronted by Kirkwood administrator Franklin McCallie, who informed Plaintiff that "[she] was the talk of the school," and who then had security and/or administrators escort Plaintiff from the premises/property without providing Plaintiff a copy of her transcript.

26. Despite removing Plaintiff from the premises/property due to Collier's misconduct, upon information and belief, neither McCallie nor any other Kirkwood administrator ever requested that Collier be removed from the Kirkwood premises/property nor ever punished/sanctioned Collier for his misconduct towards Plaintiff.

27. Prior to turning twenty-one years of age, the statute of limitations for Plaintiff's causes of action herein were tolled due to Plaintiff's minority age.

28. Prior to turning twenty-one years of age, Plaintiff repressed the memories of Collier's abuse and was therefore mentally incapacitated for purposes of the statute of limitations for her claims herein.

4

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

29. Plaintiff recovered the memories of her abuse in or about June or July 2020 when numerous victims described the abuse they suffered at Kirkwood in a Facebook group for Kirkwood alumni.

30. Due to Plaintiff's minority and memory repression, all claims herein are timely filed.

31. Prior to and during the abuse suffered by Plaintiff, Kirkwood had a policy, practice, and/or custom of permitting employees to abuse students.

32. Prior to and during the abuse suffered by Plaintiff, Kirkwood knowingly allowed, condoned, and willfully ignored severe and pervasive abuse of students at the hands of Kirkwood employees.

33. From approximately the 1970s to 2020, Kirkwood had a policy, practice, and/or custom of permitting employees to abuse students.

34. From approximately the 1970s to 2020, Kirkwood knowingly allowed, condoned, and willfully ignored severe and pervasive abuse of students at the hands of Kirkwood employees.

35. As a direct and proximate cause of Kirkwood's conduct, Plaintiff suffered physical pain consistent with the abuse, has suffered (and will continue to suffer) emotional distress, pain and suffering.

## COUNT I –SEXUAL ASSAULT & BATTERY AGAINST COLLIER UNDER MISSOURI LAW

36. Plaintiff restates all previous allegations as if fully set forth herein.

37. Collier's abuse of Plaintiff was intentional, offensive, unlawful, unjustified, and consisted of Collier having offensive physical contact with Plaintiff.

38. As a direct and proximate cause of Collier's conduct, Plaintiff suffered physical pain, has suffered (and will continue to suffer) emotional distress, pain and suffering.

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

WHEREFORE Plaintiff respectfully requests judgment in her favor and against Defendant Collier for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest and post-judgment interest, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT II – VIOLATION OF 42 USC 1983 AGAINST COLLIER

39. Plaintiff restates all previous allegations as if fully set forth herein.

40. Collier's conduct directed towards Plaintiff violated the following federal and Constitutional rights of Plaintiff:

   a. Equal Protection Clause of the 14th Amendment to the United States Constitution (right to be free from discrimination based on sex);

   b. Due Process Clause of the 14th Amendment to United States Constitution (right to bodily integrity and bodily liberty); and

   c. 4th Amendment to the United States Constitution (right to be free from unreasonable bodily seizures).

41. Collier's conduct towards Plaintiff discriminated against her based upon sex.

42. Collier's physical conduct towards Plaintiff violated her right to bodily integrity and bodily liberty.

43. Collier violated Plaintiff's federal and Constitutional rights when he coerced, enticed, and solicited her to send him naked pictures of herself.

44. Collier's violations of Plaintiff's federal and Constitutional rights constituted willful, wanton, conscious, and intentional choices by Collier.

45. Collier's violations of Plaintiff's federal and Constitutional rights were done with evil motive and malice.

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

46. At the time of Collier's actions, he was a state actor.

47. As a direct and proximate cause of Collier's violations of Plaintiff's clearly established federal and Constitutional rights, Plaintiff suffered injuries including, without limitation, emotional distress, psychological trauma, embarrassment, anxiety, post-traumatic stress disorder, pain and suffering, and/or physical injuries consistent with the abuse.

48. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees.

WHEREFORE Plaintiff respectfully requests judgment in her favor and against Defendant Collier for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest and post-judgment interest, for her attorneys' fees, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III – VIOLATION OF TITLE IX AGAINST KIRKWOOD

49. Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

50. Plaintiff had federal civil rights secured by federal statute, namely Title IX of the Education Amendments of 1972, which provides in pertinent part that "[N]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

51. Title IX was intended to benefit students like Plaintiff and intended to benefit Plaintiff.

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

52. Title IX provides Plaintiff, and students like Plaintiff, clear federal civil rights, which are not amorphous or vague, to be free from known sexual discrimination at school.

53. Title IX imposes binding mandatory obligations on schools like Kirkwood that are recipients of federal funding which prohibits them from discriminating against students on the basis of sex.

54. Prior to the abuse of Plaintiff, Kirkwood had actual knowledge of Collier's sexual harassment of female students.

55. In the 1980-81 academic year, Plaintiff suffered repeated sexual harassment by Collier, which is considered sexual discrimination prohibited by Title IX.

56. The Kirkwood employees, board members, and administrators with actual knowledge and/or notice had the authority and ability to investigate and take meaningful corrective action to end or prevent the harassment perpetrated upon female students, including Plaintiff, by Collier, but failed to do so.

57. Kirkwood's failures to investigate or take any corrective action, despite prior harassment and ongoing harassment by Collier, were clearly unreasonable in light of the known circumstances.

58. Through their actions and inaction, Kirkwood was deliberately indifferent to the sexual harassment, assault, and violence that Plaintiff suffered at Kirkwood, and proximately caused injury to Plaintiff

59. Through their actions and inaction, Kirkwood created a climate in which sexual harassment and misconduct was tolerated, thus encouraging Collier's repeated harassment and misconduct, including his actions against Plaintiff, and proximately caused injury to Plaintiff

60. As a result of Kirkwood's deliberate indifference, Plaintiff was subjected to additional sexual harassment by Collier.

61. Kirkwood's deliberate indifference was a conscious choice.

62. The sexual harassment inflicted upon Plaintiff was severe, pervasive, objectively offensive, and effectively barred Plaintiff access to education opportunities and benefits.

63. The sexual harassment Collier inflicted upon female students and Plaintiff, along with Kirkwood's refusal to investigate or take appropriate action (in response to evidence, reports, and complaints of Collier's harassment) to stop Collier from being able to harass Plaintiff effectively barred Plaintiff from access to educational opportunities, benefits, and activities. Plaintiff suffered severe damages, walked the halls of Kirkwood schools embarrassed and suffering from severe mental health issues, became alienated socially, and suffered from post-traumatic stress disorder, including when at Kirkwood schools.

64. By their actions and inaction, Kirkwood acted with deliberate indifference toward the rights of female students and Plaintiff to have a safe and secure education environment, thus materially impairing Plaintiff's ability to pursue her education at Kirkwood schools in violation of the requirements of Title IX.

65. Specifically, Kirkwood violated Title IX by, *inter alia*:

   a. Choosing to take no action to protect Plaintiff, despite the knowledge of a need to supervise, discipline, or take other correction action to prevent Collier's harassment of female students, including Plaintiff, and also failing to warn Plaintiff of the risk of abuse;

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

b.  Choosing to take no action against Collier to discipline or increase supervision of him;

c.  Ignoring evidence, complaints, and reports regarding Collier's sexual harassment of female students and Plaintiff, and being deliberately indifferent thereto;

d.  Failing to conduct their own investigations into reports, complaints, and evidence that Collier was sexually harassing female students prior to and during his harassment of Plaintiff and failing to conduct their own investigation into reports, complaints, and evidence that Collier was continuously sexually harassing Plaintiff;

e.  Requiring Plaintiff to fend for herself and attempt to protect herself from Collier's harassment with no assistance from Kirkwood;

f.  Protecting and advocating for Collier, despite multiple reports of Collier's sexually harassing female students prior to and during the period he harassed Plaintiff;

g.  Creating a climate that tolerated sexual harassment and other sexual misconduct, and that tolerated the complete disregard for reports, evidence, and complaints of sexual harassment/misconduct by employees, including Collier, and being deliberately indifferent thereto;

h.  Failing to develop or adopt policies and procedures to properly address complaints, reports, or evidence of employee-against-student sexual harassment, assault, misconduct, and violence;

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

    i.   Failing to adopt policies regarding prompt and equitable grievance procedures and investigation of reports, complaints, or evidence of employee-against-student sexual harassment, assault, misconduct, and violence;

    j.   Failing to provide policies, procedures, or training for Kirkwood administrators, employees, students, and students' parents about sexual harassment and misconduct;

    k.   Failing to terminate or otherwise discipline Kirkwood's employees, including Collier, for their willful disregard to Plaintiff's safety and rights, and being deliberately indifferent thereto;

    l.   Failing to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and academic assistance and services to Plaintiff after she was repeatedly sexually harassed by Collier, and being deliberately indifferent thereto;

    m.  By retaliating against Plaintiff for being the victim of sexual abuse and forcibly removing her from the Kirkwood high school; and

    n.   Through other actions, inaction, and deliberate indifference.

66. As a direct and proximate cause of Kirkwood's action, inaction, and deliberate indifference, Plaintiff sustained injuries for which she is entitled to be compensated, including but not limited to:

    a.   Psychological pain, suffering, and impairment;

    b.   Impaired educational capacity;

    c.   Attorneys' fees and costs; and

    d.   Such other and further relief as this Court deems just and proper.

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendant for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest and post-judgment interest, for her attorneys' fees, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT IV – VIOLATION OF 42 USC 1983 AGAINST KIRKWOOD

67. Plaintiff restates all previous allegations as if fully set forth herein.

68. Prior to the abuse of Plaintiff and/or during the abuse period in which Plaintiff was abused, Kirkwood was on prior actual notice that Collier and/or other Kirkwood employees were abusing and harassing students and violating students' constitutional due process right to bodily integrity and liberty, constitutional right to be free from discrimination based on sex, and constitutional right to be free from unreasonable seizures.

69. Despite prior actual notice, Kirkwood was deliberately indifferent to the rights of its students, including Plaintiff, and failed to take proper remedial action to cease the abuse of its students.

70. Kirkwood's failure to act and process of turning a "blind eye" to the abuse of students demonstrated Kirkwood's policy, practice, pattern, and/or custom of allowing employees to sexually abuse and prey upon students.

71. Kirkwood failed to act upon reports of abuse of students.

72. Kirkwood failed to act upon evidence of abuse of students.

73. Kirkwood failed to investigate reports and/or evidence of abuse of students.

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

74. Kirkwood failed to adequately train its employees regarding abuse of students, including abuse of students by employees.

75. Kirkwood failed to take any remedial action in response to evidence, complaints, incidents, and/or reports of abuse of students.

76. Kirkwood's conduct amounts to deliberate indifference to the federal and Constitutional rights of Plaintiff and other students.

77. As a direct and proximate cause of Kirkwood's conduct (including Kirkwood's deliberate indifference, policies/practices/customs, and/or inadequate training), Plaintiff suffered emotional distress, pain and suffering, medical expenses, physical injuries consistent with the sexual abuse, and she will continue to incur future damages as stated herein.

78. Plaintiff is entitled to an award of her reasonable attorneys' fees as a matter of law.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant Kirkwood for a fair and reasonable amount of damages in excess of $25,000.00, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interest as allowed by law, for her attorneys' fees, for her costs incurred herein, and for any further relief this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

THE O'BRIEN LAW FIRM, PC


BY: /S/ Grant C. Boyd
       Grant C. Boyd #67362
       Thomas L. Stewart #36173
       815 Geyer Ave
       St. Louis, MO  63104
       (314) 588-0558
       (314) 588-0634 FAX
       boyd@obrienlawfirm.com

       ***Attorneys for Plaintiff***

**21SL-CC03211**

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

In the
# CIRCUIT COURT
### Of St. Louis County, Missouri

Plaintiff/Petitioner: _Jane Doe_

_July 16, 2021_
Date

_____
Case Number

vs.

_____
Division

Defendant/Respondent: _Kirkwood R-7 School District, et al._

For File Stamp Only

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now  _Plaintiff_____, pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_John Frederick, Cody Terry, Rebecca Montle_        _PO Box St. Louis, MO 63127_        _314-966-5585_
Name of Process Server        Address        Telephone

_Luke Prewitt, Dave Roberts, Robert Montle_        "        "
Name of Process Server        Address or in the Alternative        Telephone

_Jessica Frederick, Chistopher Ruhland_        "        "
Name of Process Server        Address or in the Alternative        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
_Kirkwood R-7 School District_
Name
_11289 Manchester Road_
Address
_Kirkwood, MO 63122_
City/State/Zip

SERVE:
_John "Jack" Collier_
Name
_11289 Manchester Road_
Address
_Kirkwood, MO 63122_
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By  _/s/Molly Thal_____
Deputy Clerk
_08/31/2021_____
Date

_/s/ Grant C. Boyd_____
Signature of Attorney/Plaintiff/Petitioner
_67362_____
Bar No.
_815 Geyer Avenue, St. Louis, MO  63104_
Address
_(314) 588-0558_        _(314) 588-0634_
Phone No.        Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**21SL-CC03211**

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

_Jane Doe_____
Plaintiff/Petitioner

July 16, 2021_____
Date

vs.

_____
Case Number

_Kirkwood R-7 School District, et al._
Defendant/Respondent

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  _Plaintiff_____, pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_John Frederick, Cody Terry, Rebecca Montle_____ _PO Box St. Louis, MO 63127_____ _314-966-5585_
Name of Process Server                        Address                                    Telephone

_Luke Prewitt, Dave Roberts, Robert Montle_____ "_____ "_____
Name of Process Server                        Address or in the Alternative              Telephone

_Jessica Frederick, Chistopher Ruhland_____ "_____ "_____
Name of Process Server                        Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:

_Kirkwood R-7 School District_____
Name

_11289 Manchester Road_____
Address

_Kirkwood, MO 63122_____
City/State/Zip

SERVE:

_John "Jack" Collier_____
Name

_11289 Manchester Road_____
Address

_Kirkwood, MO 63122_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

_/s/ Grant C. Boyd_____
Signature of Attorney/Plaintiff/Petitioner

_67362_____
Bar No.

By _____
Deputy Clerk

_815 Geyer Avenue, St. Louis, MO  63104_
Address

_(314) 588-0558_____ _(314) 588-0634_
Phone No.                        Fax No.

_____
Date

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16

**21SL-CC03211**

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

JANE DOE,                                    )
                                             )
                                             )     Case:
            Plaintiff,                       )
                                             )
v.                                           )
                                             )     JURY TRIAL DEMANDED
JOHN COLLIER, ET AL                          )
                                             )  ┌─────────────────────────┐
                                             )  │          FILED          │
            Defendants.                      )  │     August 25, 2021     │
                                                │     JOAN M. GILMER       │
                                                │     CIRCUIT CLERK        │
                                                │  ST. LOUIS COUNTY, MO    │
                                                └─────────────────────────┘

## MOTION FOR PLAINTIFF TO PROCEED USING PSEUDONYM JANE DOE

Comes Now Plaintiff, by and through counsel, and hereby moves this Honorable Court for permission to proceed using pseudonym of Jane Doe and in support thereof states:

1. This action relates to matters in which Plaintiff was the victim of numerous crimes committed against her, including sexual assaults and abuse.

2. As the victim of a crime, Plaintiff has a right to her personal information being protected pursuant to the Victims Rights Act and provisions of the Missouri Constitution.

3. No party will suffer prejudice by allowing her to proceed as Jane Doe as Defendants are well aware of Jane Doe's actual identity and, to the extent necessary, determine her identity through communications with Plaintiff's Counsel.

4. Plaintiff should be permitted to proceed under pseudonym Jane Doe throughout this litigation, including any and all filings.

Electronically Filed - St Louis County - July 16, 2021 - 03:07 PM

Wherefore, Plaintiff prays this Honorable Court enter an order allowing her to proceed under pseudonym Jane Doe and for any further relief this Court deems just and proper.


**THE O'BRIEN LAW FIRM, PC**

BY: <u>/S/ Grant C. Boyd                </u>
Grant C. Boyd #67362
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com


**SO ORDERED:**

Mary Elizabeth Ott                    Division 7
Acting Presiding Judge
August 25, 2021



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number:  21SL-CC03211 |
|---|---|
| Plaintiff/Petitioner:<br>JANE DOE<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>GRANT CHRISTIAN BOYD<br>815 GEYER AVENUE<br>ST LOUIS, MO  63104 |
| Defendant/Respondent:<br> KIRKWOOD R-7 SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

**The State of Missouri to:  JOHN COLLIER**
**Alias:**

**11289 MANCHESTER ROAD**
**KIRKWOOD, MO  63122**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>31-AUG-2021</u>
   **Date**

                                                  /Clerk

**Further Information:**
**MT**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
    Printed Name of Sheriff or Server                    Signature of Sheriff or Server
           **Must be sworn before a notary public if not served by an authorized officer:**

           Subscribed and sworn to before me on _____ (date).

*(Seal)*

           My commission expires: _____    _____
                                    Date                        Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 21-SMCC-7826**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                     54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.


**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**


**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029





# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H MAY | **Case Number:  21SL-CC03211** |
| Plaintiff/Petitioner:<br>JANE DOE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GRANT CHRISTIAN BOYD<br>815 GEYER AVENUE<br>ST LOUIS, MO  63104 |
| Defendant/Respondent:<br> KIRKWOOD R-7 SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:   KIRKWOOD R-7 SCHOOL DISTRICT**
**Alias:**

**11289 MANCHESTER ROAD**
**KIRKWOOD, MO  63122**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

       **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>31-AUG-2021</u>
  **Date**                                                    /Clerk

**Further Information:**
**MT**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
      Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                                      Date                              Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.


**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**


**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029



Electronically Filed - St Louis County - September 14, 2021 - 03:04 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>BRIAN H MAY | Case Number:  21SL-CC03211 |
| Plaintiff/Petitioner:<br>JANE DOE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GRANT CHRISTIAN BOYD<br>815 GEYER AVENUE<br>ST LOUIS, MO  63104 |
| Defendant/Respondent:<br>KIRKWOOD R-7 SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105<br>(Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  **KIRKWOOD R-7 SCHOOL DISTRICT**
Alias:

11289 MANCHESTER ROAD
KIRKWOOD, MO 63122

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>31-AUG-2021</u>
Date
_____ Clerk

Further Information:
MT

#### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
  _Laura Heidenreich_ (name) _authorized to accept process_ (title).
☐ other _____

Served at _11289 Manchester, St. Louis, Mo 63122_ (address)
in _St Louis County_ (County/City of St. Louis), MO, on _9-10-21_ (date) at _10:22 am_ (time).

_John Frederick_ _____ _John Frederick_ _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _9/14/2021_ (date).
My commission expires: _1/2/2025_ _____ _Jaimie Maness_ _____
                                    Date                                    Notary Public



NOTARY SEAL

| | |
|---|---|
| Sheriff's Fees, if applicable | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 21-SMCC-7825**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo