UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  4:21-CV-01130-AGF |
| | ) |
| KIRKWOOD R-7 SCHOOL DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's Motion to appoint a defendant ad litem. (Doc. No. 18).  Defendant Kirkwood R-7 School District ("Kirkwood") filed a memorandum in opposition (Doc. No. 20), and Plaintiff has filed a reply (Doc. No. 21). Plaintiff alleges she was assaulted by Defendant John Collier, a teacher at Kirkwood. The assault allegedly took place when Plaintiff was a student at Kirkwood, between 1980 and 1981.  Collier passed away in 2006.  Plaintiff previously filed a motion to substitute Collier for his successor, a personal representative or a defendant ad litem.  (Doc. No. 9). The Court denied the motion, noting Plaintiff provided no legal authority that would allow her to substitute a party for Collier or any details about the purported substitute. (Doc. No. 15).

Plaintiff attempts to rectify these deficiencies in her present motion.  She explains Kirkwood "has recently disclosed that it held a liability insurance policy issued by 'CNA' that was effective during the time periods in question." (Doc. No. 18 at 1).  In light of the

alleged liability insurance policy, Plaintiff asks the Court to appoint Blake Markus, a licensed attorney, to serve as defendant ad litem pursuant Rev. Stat. Mo. § 537.021. Kirkwood explains the insurance policy to which Plaintiff refers is not Collier's liability insurance. Instead, the policy was supplied to Plaintiff's counsel as part of a separate action and Collier is not covered under the policy. Kirkwood states it has attempted to obtain the liability policy for the relevant time period, but has been unable to do so. (Doc. No. 20 at 2). Plaintiff has not supplied the Court with the insurance policy she claims is proof of Collier's liability insurance.

First, Kirkwood claims this Court cannot appoint a defendant ad litem because Collier was never a party, and has been deceased for many years. Section 537.021 states, in relevant part:

> if a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem.

Rev. Stat. Mo. § 537.021. The statute does not require the decedent to be a party to the case, instead it allows injured parties to "maintain a cause of action against deceased parties." *Am. Home Assur. Co. v. Pope*, 487 F.3d 590, 605 (8th Cir. 2007).

Next, Kirkwood argues the Court should not appoint a defendant ad litem because Plaintiff has not provided proof of liability insurance coverage. Plaintiff replies that § 537.021 does not require that an actual policy be produced before a defendant ad litem be appointed pursuant to *Morgan v. State Farm Fire & Cas. Co.*, 344 S.W.3d 771, 777 (Mo. Ct. App. 2011). However, *Morgan* did not address whether proof of a liability insurance

2

policy is required before a defendant ad litem may be appointed. Instead, *Morgan* considered whether an insurer waived its policy defenses by failing to contest the appointment of a defendant ad litem when the insurer's attorney withdrew as the representative for the defendant ad litem. *Id*.

Under Missouri law, proof of the existence of insurance is necessary before a defendant ad litem may be appointed:

> [P]roof of the existence of liability insurance coverage which insured the deceased tortfeasor is essential to the maintenance of an action against a defendant ad litem appointed pursuant to section 537.021.1, RSMo 1986….

*Spicer ex rel. Spicer v. Jackson ex rel. Berra,* 853 S.W.2d 402, 403 (Mo.Ct.App.1993) *See also Daniel v. Collett*, No. 1:07-CV-1 CAS, 2008 WL 877871, at *1 (E.D. Mo. Mar. 27, 2008). "The failure of plaintiff to produce adequate proof of liability coverage during the pertinent period makes the appointment of the defendant ad litem erroneous." *State ex rel. Kasmann v. Hamilton*, 731 S.W.2d 345, 348 (Mo. Ct. App. 1987).

Plaintiff must present proof of liability insurance before this Court may appoint a defendant ad litem. Plaintiff's unsupported assertion that a liability insurance policy exists and may be applicable to Collier in her motion to appoint a defendant ad litem is not proof of liability insurance. Because there is no proof of coverage at all, much less adequate proof, the Court cannot appoint a defendant ad litem at this time. However, the Court will permit the parties to conduct discovery with respect to insurance coverage, which discovery may proceed immediately, notwithstanding any restrictions imposed by Fed. R. Civ. P. 26(d)(1). A Rule 16 Conference will be rescheduled by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint a Defendant Ad Litem is **DENIED** without prejudice.  (Doc. No. 18).

                                                    _____
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2022.